IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID FLETCHER )
)
v. ) NO. 3:15-1131
)
UNITED STATES OF AMERICA )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered November 4, 2015 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court, to dispose or recommend disposition of any pretrial motions, and to conduct further proceedings, if necessary.

Presently pending before the Court is the motion to dismiss filed by the United States of America. *See* Docket Entry No. 19. Also before the Court are Plaintiff's filings in opposition to the motion to dismiss. *See* Docket Entry Nos. 23 and 26. Set out below is the Court's recommendation for disposition of the motion.

**I. BACKGROUND**

David Fletcher ("Plaintiff") is a resident of Davidson County, Tennessee. The current lawsuit is the second lawsuit that he has filed *pro se* and *in forma pauperis* concerning his allegation that Jim Grant ("Grant"), an agent of the United States Marshals Service ("USMS"), improperly caused a car he owned to be towed away from his house. Plaintiff alleges that the car has never been returned and he has never been compensated for the loss of the car.

Plaintiff's first lawsuit, *Fletcher v. Grant, et al.*, 3:14-2162, was filed on November 11, 2014, against Grant and Kevin Koback ("Koback"), who is another USMS agent. Plaintiff alleged:

> Several years ago while under investigation . . . . Mr. Grant came to my home at the time at 415 Williams Ave. to serve arrest warrant. I was not home and for some reason he towed a parked car of mine (Infinity) that had nothing to do with arrest. I spoke by phone to Mr. Koback who replyed (sic) talk to Jim Grant. Case had ongoing investigation and has now concluded. I would like possession of vehicle returned to me.

*See* Complaint (Docket Entry No. 1) in *Fletcher v. Grant, et al.* By Order entered June 12, 2015, the Court construed Plaintiff's filing as a civil complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and dismissed the case, upon the motion of the United States of America ("United States"), for lack of subject matter jurisdiction because Plaintiff had not shown that he had first presented an administrative claim to the United States Marshals Service for his allegedly seized car. *See* Docket Entry No. 27 in *Fletcher v. Grant, et al.* Plaintiff's appeal to the Sixth Circuit Court of Appeals from that order was dismissed for want of prosecution. *See* Docket Entry No. 46 in *Fletcher v. Grant, et al.*

Plaintiff then filed an administrative claim with the USMS on July 6, 2015, seeking $20,000.00 in damages based upon his allegation that the car was taken and not returned. *See* Docket Entry No. 21-1. On September 25, 2015, the USMS, United States Department of Justice denied his claim, stating that the claim was filed more than two years after the claim had accrued. *See* Complaint (Docket Entry No. 1) at 4.

Plaintiff thereafter filed the instant lawsuit on October 28, 2015, against the United States Department of Justice, Grant, and Koback seeking $20,000.00 as reimbursement for the taking of his car. He alleges:

> U.S. Marshal after admitting to taking my property has tried to hide behind Government shield 28 U.S.C. § 2401B although case against Plaintiff was still open . . . after towing my car from my yard Mr. Grant did indeed target me, for personal reason he had. I made supervisor Kevin Koback aware of actions and he was already aware of the wrongdoing on behalf of the U.S. Justice Dept. and told me to deal with Jim Grant . . . . After having to suffer without my vehicle over 5 yrs that federal case was open, I have been given the run-around regarding reimbursement. That Judge Nixon no longer allow this to be disregarded and payment is forced and that it is no longer pushed aside. I have waited patiently and $20,000.00 is a fair payment for the government workers to re-imburse (sic). Considering their admission of negligence, however, to hide behind a time statute is unfair to poor people.

*See* Complaint (Docket Entry No. 1).

By Order entered December 21, 2016, the United States was substituted as the Defendant. *See* Docket Entry No. 12. Defendant filed the pending motion to dismiss in lieu of an answer. Defendant moves to dismiss the action pursuant to 28 U.S.C. § 2401(b), arguing that Plaintiff failed to present his administrative claim within the two-year statute of limitation period provided for under the FTCA. Defendant argues that Plaintiff's claim accrued no later than April 18, 2006, but Plaintiff did not file his administrative claim until July 9, 2015, well beyond the applicable two year period. *See* Memorandum in Support (Docket Entry No. 20) at 5-6. Defendant further contends that no basis exists to equitably toll the FTCA two year statute of limitations so as to render Plaintiff's claim timely. *Id*. at 6-7. Defendant supports its motion with the Declaration of Gerald Auerbach, General Counsel of the USMS. *See* Docket Entry No. 21.

In response, Plaintiff argues that: 1) he had no knowledge of any deadlines to pursue his claim but, nonetheless, pursued his claim through his federal lawsuits as soon as the criminal proceeding against him was resolved; 2) he was instructed by defense counsel in the criminal case to not pursue his claim while the criminal case was ongoing; and 3) the actions of the federal agents constitute crimes and that they should not be protected from liability for the theft of his property. *See* Docket Entry Nos. 23 and 26.

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

### III. ANALYSIS

Plaintiff alleges that agents of the USMS caused his car to be towed away from his residence without a lawful basis for doing so, that he has never been informed of the location of the car, and that he has never received compensation for loss of the car or had the car returned to him.[1] For the purposes of the instant motion, the Court must assume these allegations to be true.

The date of the alleged taking of the car, however, is not set out in the Complaint and is not obvious from the record in this case or the record in his prior lawsuit. In his Complaint, Plaintiff alleges that he was without the car for "over 5 yrs that federal case was open." *See* Complaint at 3. The complaint in his prior lawsuit states that the taking occurred "several years ago while [he was] under investigation." *See* Docket Entry No. 1 in *Fletcher v. Grant, et al*. In the Standard Form 95 Plaintiff filed for his administrative claim, he states that he was "not sure exactly" when the taking occurred but that it occurred "about 2008." *See* Docket Entry No. 21-1. The denial letter for the claim states that the claim "accrued in April 2006," *see* Complaint at 4, although it is unclear from the record before the Court why this date was used. Regardless, from Plaintiff's own allegations and from the most reasonable interpretation of the available relevant public filings, it appears that the alleged taking of the car occurred in 2008 or, at the latest, in 2009.[2]

Plaintiff's lawsuit seeks only monetary compensation from the United States. However, the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The FTCA, which provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C.

---

[1] Plaintiff does not allege that the car was seized pursuant to any legal process or for any lawful purpose, such as possible forfeiture or as an item of evidence.

[2] Although Plaintiff's arrest and the subsequent criminal proceedings are clearly significant events, Plaintiff only vaguely refers to these events in his Complaint. However, public records show that Plaintiff was arrested on October 15, 2009, on a federal indictment and that the criminal proceedings remained active until April 2014. *See United States v. David A. Fletcher*, 3:09-cr-00243. These records contain no reference to Plaintiff's car being seized.

§ 2674, acts as a waiver of the federal government's sovereign immunity in limited contexts and "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011) (citing 28 U.S.C. § 2679(a)); *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). This exclusive remedy further extends to the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1). Given the nature of Plaintiff's allegations and the relief sought, his lawsuit falls within the scope of the FTCA.

The FTCA's waiver of the United States' immunity from suit for torts committed by federal employees is limited and is subject to several conditions. *See Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). One of these conditions is that the claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued. 28 U.S.C. § 2401(b). *United States v. Kwai Fun Wong*, _U.S._, 135 S. Ct. 1625, 1629, 191 L. Ed. 2d 533 (2015); *United States v. Kubrick*, 444 U.S. 111, 113, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). Although Plaintiff contends that Defendant is "hiding behind" Section 2401(b), *see* Complaint at 1 and Docket Entry No. 23 at 1, raising the statue of limitations set out in Section 2401(b) is an acceptable and permissible defense to a FTCA claim, even if it bars what would otherwise be a valid claim. *Kubrick*, 444 U.S. at 117 and 125.

The general rule is that a tort claim under the FTCA accrues at the time of a plaintiff's injury. *Id.* at 120; *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009). When a plaintiff knows, or in the exercise of reasonable diligence should know, of the fact that he has been injured and who has caused his injury, his claim has accrued, regardless of whether he knows the legal basis for such a claim. *Hertz*, 560 F.3d at 618-19.

Clearly, Plaintiff's own allegations show that he was aware that his car had been taken and by whom by no later than 2009, well beyond 2 years prior to the filing of his administrative claim on July 6, 2015. Accordingly, the Court finds that Plaintiff's claim accrued more than two years

5

prior to the filing of his administrative claim and is presumptively barred by the statute of limitations in Section 2401(b).

Plaintiff points to three circumstances which he contends caused him to delay pursuing a claim for relief: 1) he had no knowledge of the FTCA statute of limitations or that he had a specific time frame in which to pursue his claim; 2) there were ongoing criminal proceedings against him from 2009 to 2014; and 3) he was told by his criminal defense counsel to not pursue a claim for the car while the criminal proceedings were ongoing. *See* Docket Entry No. 23. Plaintiff's arguments, although not stated as such, are essentially arguments that his claim should be viewed as timely because of equitable tolling or equitable estoppel. In *Kwai Fun Wong*, the United States Supreme Court explicitly held that the Section 2401(b) statute of limitations is subject to equitable tolling. 125 S.Ct. at 1633. Application of equitable estoppel was not at issue in *Kwai Fun Wong*, but the justification set out in *Kwai Fun Wong* for why the Section 2401(b) statute of limitations is subject to equitable tolling would likewise apply to equitable estoppel.

Equitable estoppel is relevant if the defendant has taken active steps to prevent plaintiff from pursuing a claim in a timely manner and should, therefore, be estopped from arguing that the statute of limitations bars the claim. *See E.E.O.C. v. Kentucky State Police Dept.*, 80 F.3d 1086, 1095 (6th Cir. 1996). For equitable estoppel to apply, a plaintiff must demonstrate that the defendant engaged in "egregious wrongdoing" or "improper conduct" upon which the plaintiff reasonably relied and which prevented him from suing in time. *See Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). Equitable tolling, on the other hand, applies when a party has pursued his rights diligently but some extraordinary circumstance prevented him from meeting a deadline. *Kwai Fun Wong*, 125 S.Ct. at 1631; *Lozano v. Montoya Alvarez*, 572 U.S. 1, 134 S.Ct. 1224, 1231-32, 188 L.Ed.2d 200 (2014). Both doctrines are to be applied sparingly, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and the party seeking to gain the benefit of the doctrines has the burden of showing his entitlement to their application. *Hogan v.*

*U.S.*, 42 Fed.App'x 717, 722 (6th Cir. July 31, 2002); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).

Although the scenario presented by Plaintiff certainly presents an unusual case, the Court finds that none of the circumstances set out by Plaintiff justify the application of equitable estoppel or equitable tolling. First, Plaintiff's ignorance of the filing deadline and his rights under the FTCA is not sufficient, by itself, to support equitable tolling. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Second, Plaintiff has shown no authority for tolling a FTCA claim because of on-going criminal proceedings. Further, although the actions of counsel can justify applying equitable tolling in egregious or extraordinary circumstances, *see Holland v. Florida*, 560 U.S. 631, 651-52, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the conduct of counsel must be more than merely negligent or misguided in order to constitute an extraordinary circumstance. The Court does not view the allegations made by Plaintiff as sufficiently compelling to rise to the level of an extraordinary circumstance. Finally, the actions of Plaintiff's defense counsel cannot be attributed to Defendant for the purposes of equitable estoppel, and there is no evidence of improper or fraudulent conduct on the part of Defendant or the USMS agents that either prevented or discouraged Plaintiff from pursuing a claim or concealed from him facts necessary to pursue his claim. *See Diminiie v. United States*, 728 F.2d 301, 305 (6th Cir. 1984) (to defer accrual of cause of action under FTCA, it must be shown that the United States itself played a wrongful role in concealing information from Plaintiff that prevented him from pursuing his claim).

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court respectfully recommends that the motion of the United States of America to dismiss the action (Docket Entry No. 19) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge